MARGARET E. SHOEMAKER, Appellee, v. HENRY AUSTIN, Appellant.

Mortgage: FORECLOSURE: PARTIES: REDEMPTION: OWNERSHIP OF MORT-GAGE: EVIDENCE.

*Appeal from Jasper District Court.*—HON. D. RYAN, Judge.

WEDNESDAY, JANUARY 25, 1893.

ACTION in equity to redeem from a foreclosure sale of land under a senior mortgage. The plaintiff claims the right to redeem upon the grounds that she was the owner of a junior mortgage at and ever since the commencement of the action to foreclose the senior mortgage, and was not made a party to that action. A decree was entered finding that the plaintiff was entitled to redeem subject to the defendant's right to first redeem from the plaintiff, and giving the defendant sixty days to redeem from the plaintiff, and, on his failure, the plaintiff sixty days thereafter to redeem from the defendant. The defendant appeals.—*Reversed.*

*Meredith & Ogg* and *H. S. Winslow,* for appellant.

*Alanson Clark,* for appellee.

GIVEN, J.—I. The following statement of the facts will be sufficient for an understanding of the questions discussed:

On February 15, 1882, George H. Kellogg executed to C. T. Shoe-maker his promissory note for two hundred and forty-seven dollars, due in one year, with ten per cent. interest. Subsequently Mr. Shoemaker assigned the note to Alanson Clark, Esq., for the purpose of collection only. Delia A. Kellogg, being the owner of the land in question, joined with her husband, the said George H. Kellogg, in executing a mortgage thereon, August 23, 1883, to Alanson Clark, to secure said promissory note, which mortgage was duly recorded. Prior thereto, to wit, April 7, 1882, Mr. and Mrs. Kellogg gave a mortgage to Lufkin & Wilson upon the same land, to secure two hundred and thirty-three dollars and thirty-eight cents. Subsequent to the execution of these mortgages, to wit, April 1, 1886, they executed a deed of trust to David W. Norris, to secure one thousand dollars, due April 1, 1891, which deed was duly recorded. At some date thereafter, which does not appear, but which was probably on

or before May 10, 1886, Mr. Clark entered of record his consent that the trust deed to Norris, and a mortgage executed to Norris on the same day, to secure seventy-five dollars, should be senior and paramount to his mortgage. On May 10, 1886, Lufkin & Wilson entered like consent as to the trust deed over their mortgage. Mr. and Mrs. Kellogg executed two subsequent mortgages to secure small amounts that need not be further noticed.

The promissory note of Kellogg to Shoemaker bears these indorsements: "Pay to the order of Alanson Clark. C. T. Shoemaker." "Without recourse, pay to Maggie E. Shoemaker. Alanson Clark." There is a dispute as to when this last indorsement was placed upon the note. Mr. Clark never made any assignment of the mortgage to the plaintiff, and there was nothing upon the record to show the assignment of the note to her. James Wilson brought an action to foreclose the mortgage to Lufkin & Wilson, making Alanson Clark a party defendant. Being informed by Mr. Clark that he had no interest in the note and mortgage, and that he had returned them back to Mr. Shoemaker, service of notice was not made upon him, and no further proceeding was had as against him. Mr. Shoemaker was made a defendant, and accepted service of notice and "waived time" September 1, 1888. No appearance was made by any of the defendants, and on September 5, 1888, a decree was entered cutting off the equity of redemption of C. T. Shoemaker and the other subsequent lienholders. The land was sold upon execution under this decree to Katherine Wilson. Thereafter the Kelloggs executed a quitclaim deed to O. C. Meredith, who conveyed to the defendant, Austin, and procured the sheriff's certificate of sale to Katherine Wilson to be assigned to him. Under this certificate and assignment a sheriff's deed was executed to the defendant November 19, 1889. The contentions are whether the plaintiff was the owner of the note and mortgage claimed to have been assigned to her by Mr. Clark at the time of the commencement of the action to foreclose the Lufkin & Wilson mortgage, and, if she was, whether, under the facts, she is entitled to redeem by virtue thereof.

II. We first inquire whether the plaintiff was the owner of the Kellogg note and mortgage at the time of the commencement of the action to foreclose the Lufkin & Wilson mortgage. It is claimed on her behalf that in the fall of 1883, and within a few months after the mortgage was made to Clark, C. T. Shoemaker, desiring to make the plaintiff a present of said note and mortgage, had Mr. Clark make the written indorsement now found thereon, and that the note and mortgage were delivered to the plaintiff, and that she has ever since held and owned the same. There is no question but that the note and mortgage passed out of the hands of Mr. Clark within a few months after the execution of the mortgage, but whether it was to the plaintiff or to Mr. Shoemaker is the subject of contention. The burden is upon the plaintiff to establish her ownership prior to the commencement of the foreclosure action by a preponderance of evidence. The assignment, being without date, proves nothing as to the time it was made, and does not, therefore, aid us in the inquiry. C. T. Shoemaker testifies that the assignment was made by Mr.

Clark, at his instance, in the fall of 1883, and within a few months after the mortgage was given. In this statement Mr. Shoemaker is without corroboration. Mr. Clark says of the assignment: "I have no recollection of making the indorsement over to Margaret Shoemaker that is on the note, but it is in my handwriting." He also states that "some time after the mortgage was made the note and mortgage were surrendered to C. T. Shoemaker." He nowhere states that they were delivered to Mrs. Shoemaker. There is certainly no corroboration of Mr. Shoemaker as to the time when the written assignment was made in the testimony of Mr. Clark, and they are the only witnesses for the plaintiff on that subject. It does not appear that the plaintiff ever received any of the payments made upon this note, or transacted any of the business in connection therewith. · It appears to have been done by her husband, who claims to have transacted it for and by the authority of the plaintiff; yet the fact is entitled to consideration.

Another fact appears to us to be entitled to weight. Mr. Clark testifies that he was the attorney for Mr. Shoemaker in the collection of some matters, and, among others, the Kellogg claim. He also says, "I have never been employed for Mrs. Shoemaker, except in this case," and that Mr. Shoemaker brought him the note and mortgage upon the day, or the day preceding, the commencement of this action. Mr. Shoemaker testifies that he employed Mr. Clark to bring the action at the request of the plaintiff. It will be observed that Mr. Clark was not the attorney of the plaintiff until shortly before the bringing of this action, hence at no time preceding had he any authority to act for the plaintiff in respect of this claim. We have seen that on or soon after April 1, 1886, the date of the Norris trust deed, Mr. Clark consented of record that said deed should be senior and prior to the mortgage standing in his name.· There is no pretense that Mr. Clark had authority from the plaintiff to enter that consent, and yet it is certainly fair to presume that he did not enter it without authority from the party in interest. It does not appear clearly whether the relation of attorney and client between Mr. Clark and Mr. Shoemaker still continued, but, in view of his first employment in connection with the Kellogg claim, the fact that the note ·and mortgage were surrendered without an assignment of the mortgage on the record or otherwise, and the subsequent entry of this consent, and the fact that at all times Mr. Shoemaker transacted the business in connection with the note and mortgage, even to returning them to Clark for the bringing of this action, we conclude that Clark remained the attorney of Mr. Shoemaker for all the purposes of this claim, and by that authority entered the consent of record. Mr. McElroy, who procured Mr. Shoemaker's acceptance of service in the foreclosure action, having been informed by Mr. Clark that he had no interest in the mortgage or in the notes secured thereby, and that they were owned by C. T. Shoemaker, so told Mr. Shoemaker, and in response, "according to my best recollection, he stated to me that he did own the note and mortgage, just as Mr. Clark had informed me. He then accepted service of the notice in writing, and made some inquiry as to his prospect of collecting his note." George H. Kellogg testifies that there

was no assignment on the note at the time he made the twenty dollar payment. In this he is mistaken, for the assignment to Clark was unquestionably upon it, and, being mistaken as to the one, we think his statement as to the other is entitled to but little weight.

Without further comment upon the testimony, we say that we are clearly of the opinion that the plaintiff has failed to establish by a preponderance of the evidence that she was the owner of the Kellogg note and mortgage at the time the action was brought to foreclose the Lufkin & Wilson mortgage. The weight of the testimony is in favor of the conclusion that C. T. Shoemaker was the owner of said note and mortgage at the time he accepted service of notice in said action, and therefore all rights of redemption thereunder are cut off by the decree in that action. This being our conclusion, the judgment and decree of the district court are reversed, and the case will be remanded for a decree in conformity with this opinion. REVERSED.